CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB - 3 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WAYNE K. MATHIS,<br>    Plaintiff, | Civil Action No. 7:11-cv-00271 |
| v. | **MEMORANDUM OPINION** |
| DR. L. WANG, et al.,<br>    Defendants. | By:   Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Wayne K. Mathis, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff alleges that he received inadequate medical treatment in violation of the Eighth Amendment of the United States Constitution. Plaintiff names as defendants various medical and administrative staff who work for the Virginia Department of Corrections ("VDOC") and several private medical doctors who work for the Virginia Commonwealth University Health Systems for the Medical College of Virginia. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss without prejudice plaintiff's claims against the private medical doctors for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following, pertinent facts in his complaint. A VDOC facility doctor referred plaintiff to the Danville Regional Hospital's emergency room to be evaluated for an "unknown but serious illness . . . not yet identified." Defendants Drs. Larissa N. Dobransky, Edmond Wickham, III, Bob Behnke, Chan Huei Farn, and Laurel Lycholm are private physicians working at the Danville Regional Hospital. These doctors treated plaintiff by ordering him several medical tests and treatments, including a bone marrow biopsy, antibiotics, two quarts of whole blood, and several pints of platelets. Plaintiff believes that these private-doctor defendants

"failed to complete a full array of tests" to determine why plaintiff was sick and that their collective failure caused his medical condition to worsen once he returned to prison. Plaintiff concludes that their conduct constituted deliberate indifference to a serious medical need, in violation of the Eighth Amendment.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of

truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. A health care provider may be deliberately indifferent when the

3

treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851.

Plaintiff's allegations establish that Drs. Dobransky, Wickham, Behnke, Farn, and Lycholm provided him various diagnostic tests and treatments, and plaintiff's dissatisfaction with these doctors' decisions does not state an Eighth Amendment claim.[1] Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). See Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment). Furthermore, plaintiff fails to identify any specific act done by any particular private-doctor defendant but instead relies on his dissatisfaction with the outcome of his treatment and the label and conclusion of "deliberate indifference" to describe his claim. Accordingly, plaintiff fails to state a § 1983 claim upon which relief may be granted against these private-doctor defendants.

III.

For the foregoing reasons, I dismiss without prejudice the claims against Drs. Dobransky, Wickham, Behnke, Farn, and Lycholm and terminate them as defendants, pursuant to 28 U.S.C. § 1915A(b)(1) and Rule 21, Fed. R. Civ. P. The Clerk will serve the complaint on the remaining

---

[1] The court assumes without deciding that these private medical doctors are potentially liable under § 1983 as "state actors." See Conner v. Donnelly, 42 F.3d 220, 223 (4th Cir. 1994).

4

defendants by a separate order.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 3rd day of February, 2012.

Senior United States District Judge