CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV 29 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WAYNE K. MATHIS,<br>    Plaintiff, | Civil Action No. 7:11-cv-00271 |
| v. | **MEMORANDUM OPINION** |
| DR. L. WANG, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>     Senior United States District Judge |

Wayne K. Mathis, a Virginia prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Dr. L. Wang, a doctor at the Green Rock Correctional Center ("GRCC"); GRCC Nurses Kari Mayes, A. Giles, J. Rudder, K. Carter, J. Cobbs, D. H. Scares, J. McKennah, P. Jones, and R. Dawdy ("the Nurses"); and Dr. Harvard Stephens, Chief Physician for the Virginia Department of Corrections ("VDOC").[1] Plaintiff alleges that defendants were deliberately indifferent to a serious medical need, in violation of the Eighth Amendment of the United States Constitution. Dr. Stephens filed a motion for summary judgment, the remaining defendants filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I grant defendants' motions because plaintiff fails to establish any defendant's deliberate indifference.

I.

Plaintiff submissions reveal the following facts. On February 19, 2009, plaintiff told Dr. Wang at the GRCC's medical department that his feet hurt and were discolored. Dr. Wang was unable to diagnose plaintiff's condition during the next several weeks while plaintiff's feet

---

[1] Plaintiff mistakenly titled Dr. Stephens as the Chief Director of Prison Health Services, which is a private health services company that contracts with the VDOC.

turned from red to black and developed puss-filled cracks. Plaintiff continued to receive mercaptopurine and sulfasalazine, which are drugs used to treat plaintiff's Crohn's disease, throughout this time.

Plaintiff was transferred to a hospital per Dr. Wang's order on March 23, 2009, because of the deteriorating condition of his feet. After conducting various medical tests, hospital staff diagnosed plaintiff with Clostridium difficile and dismissed the possibility that mercaptopurine and sulfasalazine caused plaintiff's medical problem. Dr. Stephens allegedly pressured the hospital's staff to release plaintiff back to prison on April 1, 2009, before hospital staff could issue a final medical report on April 10, 2009. The report said plaintiff suffered from a combination of "severe aplastic anemia," an allergic reaction to Bactrim, pancytopenia[2], an acute infection of the Epstein-Barr Virus, and chemical burns to his feet from a degreaser. The final report also opined that mercaptopurine was not the cause of the pancytopenia or aplastic anemia and that plaintiff could resume taking mercaptopurine.

Plaintiff resumed mercaptopurine when he returned to GRCC, and the conditions to his feet resumed. He also developed similar symptoms on his hands and sores in his mouth. Plaintiff alleges that GRCC Nurses Mayes, Giles, Rudder, Carter, Cobbs, Scares, McKennah, and Jones witnessed his feet's continued deterioration after returning to GRCC, refused to give plaintiff any pills to alleviate pain, and "refused to wrap or soak [his] feet due to the way the infection, puss, and raw flesh looked to them."[3]

---

[2] Pancytopenia is a shortage of red and white blood cells.
[3] Plaintiff simply alleges against Nurse Dawdy that she "never attended to [his] medical need[s] . . . concerning [his] feet, hands[,] and mouth injuries." (Compl. 6.)

2

Plaintiff returned to the hospital for eleven days in July 2009. A different doctor at the hospital concluded that the mercaptopurine caused plaintiff's thrombocytopenia and stopped the prescriptions of mercaptopurine and sulfasalazine.[4] The doctor also noted, "Will be followed by GI as outpatient to determine if treatment needs to be resumed." (Pl.'s medical records (ECF no. 4) 54.) Plaintiff allegedly had not seen a GI as of May 2011.

Plaintiff argues that Dr. Wang caused cruel and unusual punishment, in violation of the Eighth Amendment, by not rendering proper medical care after seeing injuries to plaintiff's feet, hands, and mouth; not ordering proper medical tests to determine the cause of plaintiff's pain and suffering; failing to recognize that mercaptopurine was the cause of the medical problems before July 2009; continuing plaintiff's prescription of mercaptopurine until July 2009; not sending him to a hospital in February 2009; disagreeing that plaintiff experienced the same symptoms after returning from the first hospital visit; and failing to follow up on plaintiff's gastro-intestinal issues. Plaintiff alleges that the Nurses violated the Eighth Amendment by not giving him pain pills and not wrapping or soaking his feet and that Dr. Stephens violated the Eighth Amendment by ordering hospital staff to discharge plaintiff before completing a final report.

## II.

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511

---

[4] The doctor also treated plaintiff mouth sores, which may have been triggered by a challenged immune system but were caused by another virus unrelated to plaintiff's feet and hands.

3

U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851. A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, such as loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee v. Murphy, 797 F.2d 179, 181-83 (4th Cir. 1986).

Plaintiff fails to describe Dr. Wang's deliberate indifference. Dr. Wang unsuccessfully tried to diagnose plaintiff's ailments and then sent plaintiff to a hospital for additional treatment. The treating physician at the hospital noted in plaintiff's discharge report, which ostensibly was sent to Dr. Wang, "I do not think that mercaptopurine is the culprit causing the severe pancytopenia or aplastic anemia." Nothing in plaintiff's submissions suggests Dr. Wang knew that any of plaintiff's ailments were a side effect of mercaptopurine, assuming the July 2009 diagnosis is correct. Even if Dr. Wang had misdiagnosed plaintiff's symptoms, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. at 105-06. See Sosebee, 797 F.2d at 181; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's

4

symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence but not a claim under the Eighth Amendment). Plaintiff's disagreement about what tests Dr. Wang should have performed or how Dr. Wang should have treated him does not state a § 1983 claim. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

Plaintiff similarly fails to state an Eighth Amendment claim against the Nurses. Plaintiff merely alleges that Nurse Dawdy "never attended to [his] medical need[s] . . . concerning [his] feet, hands[,] and mouth injuries," but he fails to allege that Nurse Dawdy was personally aware of facts indicating a substantial risk of serious harm or that Nurse Dawdy actually recognized the existence of such a risk involving plaintiff's symptoms. Although plaintiff complains that the Nurses did not give him pain medicine or soak or wrap his feet, plaintiff does not explain that he told the Nurses about suffering severe pain or that soaking or wrapping his feet was anything more than a personal preference. See Wright, 766 F.2d at 849 (noting that an inmate's disagreement with medical personnel over the course of treatment does not state a § 1983 claim). "[A]n inmate's treatment may be limited to what is medically necessary as opposed to 'that which may be considered merely desirable' to the inmate." Malcomb v. Raja, Civil Action No. 2:09-cv-0647, 2010 U.S. Dist. LEXIS 101116, at *4, 2010 WL 3812354, at *1 (S.D. W. Va. Sept. 22, 2010) (quoting Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977)).

Plaintiff also fails to state a claim against Dr. Stephens, the VDOC's medical administrator. Plaintiff accuses Dr. Stephens of pressuring hospital staff to transfer plaintiff back to a VDOC facility before "adequately diagnosing" plaintiff's condition.[5] Plaintiff did not

---

[5] Dr. Stephens avers that he is not involved with having inmates discharged from hospitals, does not know who

provide any evidence beyond his mere accusation that Dr. Stephens "pressured" hospital staff, and plaintiff further fails to explain how an expeditious release resulted in anything other than being transported back to a VDOC facility. Accordingly, plaintiff fails to explain how Dr. Stephens was personally involved with a denial of treatment, deliberately interfered with treatment, or tacitly authorized or was deliberately indifferent to misconduct where even a lay person would understand that the medical care provider is being deliberately indifferent. Miltier, 896 F.2d at 854. Accordingly, plaintiff fails to establish any defendant's deliberate indifference.

### III.

For the foregoing reasons, I grant defendants' motions to dismiss and for summary judgment.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff and counsel of record for defendants.

ENTER: This 20th day of November, 2012.

*Senior United States District Judge*

---

plaintiff is, and has not ever treated plaintiff's medical complaints.